**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

| 0 | Valuation of Security | 0 | Assumption of Executory Contract or Unexpired Lease | 0 | Lien Avoidance |

**Last revised: September 1, 2018**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

In Re:  
Valerie James-Kemp

Debtor(s)

Case No.: 19-11747

Judge: Andrew B. Altenburg Jr.

## Chapter 13 Plan and Motions

☐ Original  ☒ Modified/Notice Required  Date: 4/8/2019

☐ Motions Included  ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

**The following matters may be of particular importance. Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☒ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☒ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: /s/ SW    Initial Debtor: /s/VJK    Initial Co-Debtor: /s/

**Part 1:    Payment and Length of Plan**

a. The debtor shall pay $ __250.00__ per __month__ to the Chapter 13 Trustee, starting on __May 1, 2019__ for approximately __57__ months.

b. The debtor shall make plan payments to the Trustee from the following sources:

☒    Future earnings

☐    Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:

☐ Sale of real property
Description:
Proposed date for completion: _____

☐ Refinance of real property:
Description:
Proposed date for completion: _____

☒ Loan modification with respect to mortgage encumbering property:
Description: 913 Easy Street Millville, NJ 08332
Proposed date for completion: July 2019

d. ☒ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☐ Other information that may be important relating to the payment and length of plan:

**Part 2:    Adequate Protection ☒ NONE**

    a.  Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

    b.  Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

**Part 3:    Priority Claims (Including Administrative Expenses)**

    a.    All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $3,960.00 |
| DOMESTIC SUPPORT OBLIGATION | Child Support | Notice Only |
| Internal Revenue Service | Taxes | Notice Only |
| State of New Jersey | Taxes | Notice Only |
| Cumberland County Board of Taxation | Taxes | Notice Only |

    b.  Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:

☒ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
|  | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount. |  |  |

**Part 4:    Secured Claims**

a.  **Curing Default and Maintaining Payments on Principal Residence:** ☒ **NONE**

   The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

b.  **Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:**  ☐ **NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| Consumer Portfolio Services | 2011 Ford Escape | $1,791.29 | none | $1,791.29 | $445.35 |
| Wells Fargo Auto | 2013 Ford Edge | $2,588.41 | none | $2,588.41 | $563.66 |

c.  **Secured claims excluded from 11 U.S.C. 506:**  ☒ **NONE**

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
|  |  |  |  |  |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments**  ☒ **NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender**  ☒ **NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
|  |  |  |  |

**f. Secured Claims Unaffected by the Plan** ☒ **NONE**

The following secured claims are unaffected by the Plan:

**g. Secured Claims to be Paid in Full Through the Plan**: ☒ **NONE**

| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|---|---|---|
|  |  |  |

## Part 5: Unsecured Claims ☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☒ Not less than $ 0.00 _____ to be distributed *pro rata*

☐ Not less than _____ percent

☐ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

**Part 6:    Executory Contracts and Unexpired Leases  ☒ NONE**

(NOTE:  See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
|  |  |  |  |  |

**Part 7:    Motions  ☒ NONE**

**NOTE:  All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service*, *Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

a. **Motion to Avoid Liens Under 11. U.S.C. Section 522(f).  ☒ NONE**

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

**b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ☒ **NONE**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☒ **NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

### Part 8:  Other Plan Provisions

**a. Vesting of Property of the Estate**

☒  Upon confirmation

☐  Upon discharge

**b. Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c. Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions
2) Priority Claims
3) Secured Claims
4) Unsecured Claims

**d. Post-Petition Claims**

The Standing Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

### Part 9: Modification ☐ NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: 4/8/2019                             .

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| To pay the arrears due to Wells Fargo Auto inside the Plan under part 4 (b). To pay the arrears due to Consumer Portfolio Services inside the Plan under part 4(b). | To pay the arrears due to Wells Fargo Auto inside the Plan under part 4 (b). To pay the arrears due to Consumer Portfolio Services inside the Plan under part 4(b). |

Are Schedules I and J being filed simultaneously with this Modified Plan?     ☐ Yes     ☒ No

### Part 10: Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:

☒ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are ineffective.

**Signatures**

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to Local Form, *Chapter 13 Plan and Motions*, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date: 4/8/2019                                      /s/ Valerie James-Kemp
                                                    Debtor

Date: _____                               /s/ _____
                                                    Joint Debtor

Date: 4/8/2019                                      /s/Seymour Wasserstrum
                                                    Attorney for Debtor(s)

United States Bankruptcy Court
District of New Jersey

In re:                                                                   Case No. 19-11747-ABA
Valerie James-Kemp                                                        Chapter 13
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-1          User: admin               Page 1 of 2              Date Rcvd: Apr 11, 2019
                              Form ID: pdf901           Total Noticed: 23

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Apr 13, 2019.
```
db          +Valerie James-Kemp,    913 Easy Street,    Millville, NJ 08332-1587
517993866    AES / PHEAA,    PO Box 61047,    Harrisburg, PA 17106-1047
517993869   +Cumberland County Board of Taxation,     43 Fayette St,    Bridgeton, NJ 08302-2424
517993870    EOS CCA,    700 Longwater Drive,    Barstow, MD 20610
518021007   +Gregory A. Kemp,    913 Easy Street,    Millville, NJ 08332-1587
517993874   +Mohela/Dept Of Ed,    633 Spirit Drive,    Chesterfield, MO 63005-1243
517993875    Office Of Attorney General,     25 Market Street, PO Box 112,    Richard J Hughes Justice Complex,
              Trenton, NJ 08625-0112
517993876    SLS Mortgage,    P.O. Box 636005,    Littleton, CA 80163-6005
517993877   ++STATE OF NEW JERSEY,    DIVISION OF TAXATION BANKRUPTCY UNIT,    PO BOX 245,
              TRENTON NJ 08646-0245
             (address filed with court:   State Of New Jersey,    P.O. Box 245,
              Dept Of Treasury-Division Of Taxation,    Trenton, NJ 08695-0245)
518039363   +The Bank of New York Mellon,    Kevin G. McDonald, Esquire,    216 Haddon Avenue, Ste. 406,
              Westmont, NJ 08108-2812
518151866   +The Bank of New York Mellon Trustee (See 410),    c/o Specialized Loan Servicing LLC,
              8742 Lucent Blvd, Suite 300,    Highlands Ranch, Colorado 80129-2386
517993883   +US Dept Of Ed/GLELSI,    PO Box 7859,    2401 International Lane,    Madison, WI 53704-3121
517993878   +Us Department Of Ed-,    P.O. Box 5609,    Greenville, TX 75403-5609
517993884    Wells Fargo,    PO Box 60510,    Los Angeles, CA 90060-0510
518067032   +Wells Fargo Bank N.A., d/b/a Wells Fargo Auto,     PO Box 130000,    Raleigh NC 27605-1000
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg          E-mail/Text: usanj.njbankr@usdoj.gov Apr 12 2019 00:10:03    U.S. Attorney,    970 Broad St.,
              Room 502,    Rodino Federal Bldg.,    Newark, NJ 07102-2534
smg         +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Apr 12 2019 00:09:58    United States Trustee,
              Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,   Suite 2100,
              Newark, NJ 07102-5235
517993867    E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Apr 12 2019 00:15:21    Capital One,
              PO Box 85015,    Richmond, VA 23285-5015
518170359   +E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Apr 12 2019 00:15:50
              Capital One Bank (USA), N.A.,    4515 N Santa Fe Ave,    Oklahoma City, OK 73118-7901
517993868    E-mail/Text: bankruptcy@consumerportfolio.com Apr 12 2019 00:10:15
              Consumer Portfolio Services, Inc,    PO Box 57071,    Irvine, CA 92619-7071
517993873    E-mail/Text: cio.bncmail@irs.gov Apr 12 2019 00:09:10    Internal Revenue Service,
              P.O. Box 744,   Special Procedure Branch,    Springfield, NJ 07081
518168010    E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Apr 12 2019 00:29:19
              Portfolio Recovery Associates, LLC,    c/o Household,   POB 41067,    Norfolk VA 23541
518153548   +E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Apr 12 2019 00:18:08    Verizon,
              by American InfoSource as agent,    4515 N Santa Fe Ave,    Oklahoma City, OK 73118-7901
                                                                                             TOTAL: 8
```

```
             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
517993872*      Internal Revenue Service,    Po Box 725 Special Procedures Fuction,    Springfield, NJ 07081
517993871*     +Internal Revenue Service,    PO Box 7346,    Philadelphia, PA 19101-7346
518174861*    ++STATE OF NEW JERSEY,    DIVISION OF TAXATION BANKRUPTCY UNIT,    PO BOX 245,
                 TRENTON NJ 08646-0245
                (address filed with court:   State of New Jersey,    Division of Taxation,   Bankruptcy Section,
                 PO Box 245,   Trenton, NJ 08695-0245)
517993879*     +Us Department Of Ed-,    P.O. Box 5609,    Greenville, TX 75403-5609
517993880*     +Us Department Of Ed-,    P.O. Box 5609,    Greenville, TX 75403-5609
517993881*     +Us Department Of Ed-,    P.O. Box 5609,    Greenville, TX 75403-5609
517993882*     +Us Department Of Ed-,    P.O. Box 5609,    Greenville, TX 75403-5609
                                                                                   TOTALS: 0, * 7, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 13, 2019                              Signature:  /s/Joseph Speetjens

```
District/off: 0312-1          User: admin                Page 2 of 2            Date Rcvd: Apr 11, 2019
                              Form ID: pdf901            Total Noticed: 23
```

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on April 8, 2019 at the address(es) listed below:
              Denise E. Carlon    on behalf of Creditor    The Bank of New York Mellon FKA The Bank of New York,
               as Trustee for the certificateholders of the CWABS, Inc., ASSET-BACKED CERTIFICATES, SERIES
               2006-25 dcarlon@kmllawgroup.com, bkgroup@kmllawgroup.com
              Isabel C. Balboa    ecfmail@standingtrustee.com, summarymail@standingtrustee.com
              Kevin Gordon McDonald    on behalf of Creditor    The Bank of New York Mellon FKA The Bank of New
               York, as Trustee for the certificateholders of the CWABS, Inc., ASSET-BACKED CERTIFICATES,
               SERIES 2006-25 kmcdonald@kmllawgroup.com, bkgroup@kmllawgroup.com
              Seymour   Wasserstrum    on behalf of Debtor Valerie  James-Kemp mylawyer7@aol.com,
               ecf@seymourlaw.net
              U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                                             TOTAL: 5
```